IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:06-CR-17-1FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| KILBY GRAYSON BARBEE, | ) | |
| | ) | |
| Defendant. | ) | |

On February 10, 2026, the Government filed an Application for Writ of Execution, seeking to levy upon Defendant's real property located at 887 Haw Branch Road, Beulaville, North Carolina, for payment toward a judgment entered against Defendant in this action. On March 11, 2026, Defendant filed a Request for Hearing and a Claim for Exemptions Form, which have been referred for disposition pursuant to 28 U.S.C. § 636(b), 28 U.S.C. § 3008, and Local Civil Rule 72.3(h)(8) (E.D.N.C. May 2023).

## BACKGROUND

On May 18, 2006, Defendant, Kilby Grayson Barbee, pled guilty to theft of government property in violation of 18 U.S.C. § 641. As part of his sentence, Defendant was ordered to pay $48,395.04 in restitution and a $100.00 special assessment. (J. [DE #40] at 5.) The judgment provided that restitution was due and payable in full immediately and ordered Defendant to pay toward any restitution

owed $50 per month while on supervised release. (J. at 6.) As of February 10, 2026, a balance of $39,644.35 remained outstanding on Defendant's financial obligation. (Appl. Writ Execution [DE #66] at 1.)

The Government seeks to enforce the criminal judgment by execution upon real property owned by Defendant. On application of the Government, a Writ of Execution was issued by the clerk of court on February 13, 2026, directing the United States Marshal to levy upon and sell Defendant's real property located at 887 Haw Branch Road, Beulaville, North Carolina, Parcel ID No. 038945. (Writ Execution [DE #67] at 1–2.) Defendant was served with a copy of the application, writ, and notice of his rights to claim exemptions and to request a hearing. (Cert. Service [DE #68] at 1.) The United States Marshal levied upon the property on March 4, 2026, and provided notice of the levy to Defendant. (Notice Levy [DE #71].)

On March 11, 2026, Defendant filed a Request for Hearing [DE #70] and a Claim for Exemptions Form [DE #69]. Defendant did not check any of the exemptions listed on the claim form, but he instead wrote: "A lady got property on the land. How long she has to get it all off?" (Claim Exemptions Form at 1.) Defendant's Request for Hearing states: "887 Haw Branch Rd., Beulaville, NC was an inheritance to me by my grandparents. I don't want this property sold. I also would like to have the hearing locally." (Hearing Request at 1.)

<u>DISCUSSION</u>

The Mandatory Victims Restitution Act of 1996, Pub. L. No. 104-132, 110 Stat. 1227-41, authorizes enforcement of restitution judgments pursuant to the Federal

2

Debt Collection Procedures Act ("FDCPA"), Pub. L. 101-647, 104 Stat. 4789. *United States v. Chittenden*, No. 24-6175, 2025 WL 786043, at *2 (4th Cir. Mar. 12, 2025); *see also* 18 U.S.C. § 3613(a) ("The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law."); 18 U.S.C. § 3613(f) (making § 3613(a) applicable to restitution orders); 18 U.S.C. § 3664(m)(1)(A)(i) (civil remedies for enforcement of restitution orders). Upon entry of a restitution judgment, a lien arises in favor of the United States and against all property and rights of the defendant, which lien continues in effect for twenty years unless the judgment debt is satisfied, remitted, set aside, or terminated. 18 U.S. § 3613(c). One mechanism for the United States to enforce a restitution judgment is a writ of execution issued against "property in which the judgment debtor has a substantial nonexempt interest." 28 U.S.C. § 3203(a).

## I. Right to Challenge Execution

Under the FDCPA, a defendant can object to a writ of execution if he believes the property levied upon qualifies for exemption pursuant to 18 U.S.C. § 3613(a)(1). *See* 28 U.S.C. § 3202(b). "The sole exemptions available to a criminal debtor owing restitution are found in 18 U.S.C. § 3613(a) . . . ." *United States v. Blondeau*, No. 5:09-CR-117-H, 2011 WL 6000499, at *2 (E.D.N.C. Nov. 1, 2011), *M. & R. adopted*, 2011 WL 6001281 (E.D.N.C. Nov. 30, 2011). Those exemptions are

> (1) Wearing apparel and school books; (2) Fuel, provisions, furniture, and personal effects; (3) Books and tools of a trade, business, or profession; (4) Unemployment benefits; (5) Undelivered mail; (6) Certain railroad and military annuity and pension payments; (7) Workmen's

3

compensation; (8) Judgments for support of minor children; (9) Certain service-connected disability payments; and (10) Assistance under the Job Training Partnership Act.

*Id.* at *3. *See also United States v. Woods*, Nos. 1:19-CR-189, 1:19-CR-416, 2021 WL 1240519, at *2 (M.D.N.C. Mar. 5, 2021) (identifying exemptions available in action for writ of execution), *M. & R. adopted*, 2021 WL 1239624 (M.D.N.C. Apr. 2, 2021).

A defendant may also move to quash the writ, and, in some circumstances, to have a hearing on such a motion. 28 U.S.C. § 3202(d). The issues for hearing are limited to the validity of any claim of exemption, the Government's compliance with statutory requirements for enforcement of the judgment, and the validity of any default judgment entered. *Id.*; *Woods*, 2021 WL 1240519, at *2. "Courts routinely deny a request for 'hearing where the [defendant] did not object based on one of the issues specified in [section 3202], where the objection is plainly without merit, or where the objection is simply a matter of statutory interpretation.'" *United States v. Melchor*, No. 1:13-CR-28-1, 2021 WL 651020, at *3 (M.D.N.C. Jan. 25, 2021) (second alteration in original) (quoting *United States v. Page*, No. 1:13-CV-119, 2013 WL 2945070, at *4 (N.D.W. Va. June 14, 2013)), *M. & R. adopted*, 2021 WL 633649 (M.D.N.C. Feb. 18, 2021).

## II.  Defendant's Challenge

Defendant's claim for exemption and request for hearing are without merit. Defendant does not challenge the validity of the debt owed, nor could he because it was not the product of a default judgment. *See* 28 U.S.C. § 3202(b) (only in case of default judgment may debtor object on basis that he does not owe what the

4

Government claims). Defendant does not claim any exemption on his Claim for Exemptions Form. He merely states "A lady got property on the land. How long she has to get it all off?" (Claim Exemptions Form at 1.) In his Request for Hearing, Defendant does not assert the right to hearing based upon any of the statutory grounds set forth in 28 U.S.C. § 3202(d). Rather, he seeks to contest execution against his property because it was an inheritance from his grandparents and he does not want to lose the property. (Hearing Request at 1.)

The property levied upon by the Government is real property owned by Defendant. It does not fall within any exemption provided by 18 U.S.C. § 3613(a), and Defendant does not contest the Government's statutory compliance with the FDCPA. Defendant has not demonstrated any basis to contest the writ of execution, and he is not entitled to a hearing under 28 U.S.C. § 3205(c)(5).

## CONCLUSION

For the reasons explained above, Defendant's Claim for Exemptions [DE #69] and Request for Hearing [DE #70] are DENIED.

This 6th day of April 2026.

KIMBERLY A. SWANK
United States Magistrate Judge

5